Steven W. Kormendy and Helen E. Kormendy, Husband and Wife v. Commissioner. Mildred R. Cleminshaw v. Commissioner.
Kormendy v. Comm'r
Docket Nos. 68756, 69159. United States Tax Court
T.C. Memo 1959-72; 1959 Tax Ct. Memo LEXIS 176; 18 T.C.M. (CCH) 353; T.C.M. (RIA) 59072; April 15, 1959
*176 Gain on redemption of investment certificates in registered form acquired at a discount and held for more than 6 months, held, properly reported as long-term capital gain. George Peck Caulkins, 1 T.C. 656, affd. (C.A. 6) 144 Fed. (2d) 482, followed. Philip Schwimmer, Esq., 905 Society for Savings Building, Cleveland, O., for the petitioners. Clarence C. Roby, Esq., for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: These consolidated cases involve the income tax liabilities of the petitioners for the year 1954. The respondent determined a deficiency of $1,151.78 against the petitioners in Docket No. 68756 and a deficiency of $245.77 against the petitioner in Docket No. 69159. The single issue involved in both cases is whether the gain on redemption of 5-year investment certificates issued by Industrial Credit Company, an Ohio corporation, in registered form acquired by petitioners at a discount and held for more than 6 months is taxable as ordinary income or as long-term capital gain. The facts were all stipulated and are found as stipulated, the stipulations of facts filed being incorporated herein by reference. *177 Petitioners Steven W. Kormendy and Helen E. Kormendy, in Docket No. 68756, are husband and wife residing in Rocky River, Ohio. They filed a joint income tax return for the year 1954 with the district director of internal revenue at Cleveland, Ohio. Petitioner Mildred R. Cleminshaw, in Docket No. 69159, is a widow residing in Chagrin Falls, Ohio. She filed her individual income tax return for the year 1954 with the district director of internal revenue at Cleveland, Ohio. On November 10, 1949, petitioners Kormendy purchased from Industrial Credit Company, an Ohio corporation, a 5-year Investment Certificate issued by said corporation, having a face value of $20,000, for $15,640, or at a discount of $4,360. This Investment Certificate was in registered form and was transferable only on the books of the registrar. On December 1, 1954, this Investment Certificate held by the Kormendys was redeemed at face value by Industrial Credit Company, petitioners receiving as payment therefore a 90-day demand note dated December 1, 1954, in the amount of $20,000. On February 21, 1949, petitioner Cleminshaw purchased from Industrial Credit Company a similar Investment Certificate having *178 a face amount of $9,000, for $7,038, or at a discount of $1,962. On March 8, 1954, the Investment Certificate held by Cleminshaw was redeemed at face value by Industrial Credit Company, petitioner receiving as payment therefore an "Investment Note" dated March 1, 1954, in the face amount of $9,000. The investment certificates purchased by the Kormendys and Cleminshaw were identical in form, except for the serial numbers, the dates and the amounts thereof, and the complete form of certificate is reproduced below: "Number B Amount "INDUSTRIAL CREDIT COMPANY "INVESTMENT CERTIFICATE SERIES B "INDUSTRIAL CREDIT COMPANY, a corporation organized and existing under the laws of the State of Ohio, will pay to the registered holder hereof on or before the first day of… the sum of… Dollars in lawful money of the United States of America at the Main Office of Central National Bank of Cleveland in Cleveland, Ohio. "By acceptance of this Certificate the holder agrees that in event of insolvency or of liquidation by any means of Industrial Credit Company or its successors, this Certificate shall be subordinated to all indebtedness then owed by the company or its successors to any *179 bank or banks and that in such event all payments which would otherwise be received by the holder hereof shall be applied upon such indebtedness due banks until the banks shall have been paid in full. "No transfer of this Certificate shall be valid unless made at the office of the Central National Bank of Cleveland, Registrar and Transfer Agent in the City of Cleveland, Ohio, by the registered holder in person, or by his attorney duly authorized, and noted hereon. "IN WITNESS WHEREOF, Industrial Credit Company has caused this Certificate to be signed in its name by its duly authorized officers this… day of…. "INDUSTRIAL CREDIT COMPANY President "Attest: Secretary "Registered Holder "Countersigned and registered. "CENTRAL NATIONAL BANK OF CLEVELAND
Registrar and Transfer Agent "By " These certificates were evidences of indebtedness issued by a corporation in registered form prior to January 1, 1955, and were in such form on March 1, 1954. The only issue is whether the difference in the purchase prices of these certificates and the redemption prices, being $4,360 in the case of the Kormendys, and $1,962 in the case of Cleminshaw, is taxable as ordinary income *180 as claimed by respondent, or as long-term capital gains as reported by petitioners. Respondent contends that the difference realized by petitioners was interest on the capital investment in the certificates and, as such, does not qualify as a part of the capital asset redeemed. Therefore, without regard to the question of whether the redemption qualified as a "sale or exchange" under section 117(f), I.R.C. 1939, or section 1232(a)(1), I.R.C. 1954, the gain was not "capital." Respondent admits on brief that the facts in these cases are substantially the same as the facts in George Peck Caulkins, 1 T.C. 656 (1943), affd. (C.A. 6) 144 Fed. (2d) 482, and recognizes that his position here is inconsistent with the decision of this Court and the circuit court in that case. His argument is that the decision in that case was wrong but he points to no case in direct conflict therewith. This Court has very recently reaffirmed and followed its decision in the Caulkins case, in J. I. Morgan, Inc., 30 T.C. 881 (July 9, 1958), on appeal (C.A. 9, Dec. 11, 1958), and in Eli D. Goodstein, 30 T.C. 1178 (Aug. 28, 1958), on *181 appeal (C.A. 1, Dec. 30, 1958). [1] Respondent makes no effort to distinguish any of the above three cases from the cases at bar. We think the decisions of this Court in those cases are squarely in point here and control our decision in the present cases. The cases cited by respondent do not support his theory.
Accordingly, following the decision of this Court in the Caulkins case, we conclude that under section 117(f) of the 1939 Code and section 1232(a)(1) of the 1954 Code the gain on the redemption of the certificates here involved were properly reported by petitioners as capital gains. Decisions will be entered for the petitioners. Footnotes
1. Respondent points out in his brief that his appeal on this issue has been dismissed in the Goodstein case, but gives no reason therefor.↩